# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
COLLAR JR, CHRISTOPHER § Case No. 12-29197 JPC
COLLAR, KIMBERLY §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on         . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

    5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7.  The Trustee's proposed distribution is attached as **Exhibit D**.

    8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joseph A. Baldi_____
                                                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 12-29197 | Judge: Jacqueline P. Cox | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | COLLAR JR, CHRISTOPHER | | Date Filed (f) or Converted (c): | 07/24/12 (f) |
| | COLLAR, KIMBERLY | | 341(a) Meeting Date: | 09/18/12 |
| For Period Ending: | 10/24/14 | | Claims Bar Date: | 12/28/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Residence: 1209 Higland Drive Prospect Heights, IL | 350,000.00 | 0.00 | | 0.00 | FA |
| 2. U.S. Bank Checking Account | 200.00 | 0.00 | | 0.00 | FA |
| 3. Chase Bank Account | 300.00 | 0.00 | | 0.00 | FA |
| 4. Ordinary Household Goods, Furniture, Furnishings a | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. Necessary Wearing Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 6. Union Pension and Annuity | 15,000.00 | 0.00 | | 0.00 | FA |
| 7. 401(k) | 45,000.00 | 0.00 | | 0.00 | FA |
| 8. Trust Beneficiary | 40,000.00 | 57,299.11 | | 57,299.11 | FA |
| Schedule C amended to delete claimed exemption in trust proceeds since were not proceeds of insurance | | | | | |
| 9. 2008 Ford Focus | 8,000.00 | 0.00 | | 0.00 | FA |
| 10. 2003 Ford Expedition | 4,000.00 | 0.00 | | 0.00 | FA |
| 11. Professional tools, screw gunds, guns, power tools | 1,000.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)  $465,000.00  $57,299.11  $57,299.11  $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee investigated Debtor's interest in a revocable trust ("Trust"); Kimberly Collar held a 25% beneficial interest in the Trust; the Trust finally liquidated in early 2014 and an accounting of the receipts and disbursements for theTrust has been submitted to all parties for approval; all beneficiaries accepted the accounting; the net proceeds of the Trust were distributed to the 4 beneficiaries; Trustee recovered Kimberly Collar's 25% interest in the Trust; Trustee reviewed claims and analyzed Estate tax obligation; Trustee prepared TFR

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 12-29197         Judge: Jacqueline P. Cox | Trustee Name: | Joseph A. Baldi |
| Case Name: | COLLAR JR, CHRISTOPHER | Date Filed (f) or Converted (c): | 07/24/12 (f) |
| | COLLAR, KIMBERLY | 341(a) Meeting Date: | 09/18/12 |
| | | Claims Bar Date: | 12/28/12 |

Initial Projected Date of Final Report (TFR): 06/30/14     Current Projected Date of Final Report (TFR): 10/31/14

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 12-29197 -JPC |
| Case Name: | COLLAR JR, CHRISTOPHER |
| | COLLAR, KIMBERLY |
| Taxpayer ID No: | *******6541 |
| For Period Ending: | 10/24/14 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi |
| Bank Name: | Associated Bank |
| Account Number / CD #: | *******7402 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/01/14 | 8 | CHASE - CASHIER'S CHECK REMITTER: KIMBERLY M. COLLAR TRUSTEE | TRUST PROCEEDS FROM ESTATE | 1129-000 | 57,299.11 | | 57,299.11 |

|   |   |   |
|---|---|---|
| COLUMN TOTALS | 57,299.11 | 0.00 | 57,299.11 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 57,299.11 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 57,299.11 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - ********7402) | 57,299.11 | 0.00 | 57,299.11 |
| | ---------------- | ---------------- | ---------------- |
| | 57,299.11 | 0.00 | 57,299.11 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  57,299.11  0.00

## Exhibit C to TFR -- Claims

Case Number: 12-29197    JPC                                      Page  1                                            Date: October 24, 2014
Debtor Name: COLLAR JR, CHRISTOPHER \ COLLAR, KIMBERLY

| Claim # | Payee Name | Class | Priority | Amount | Paid to Date | Claim Balance | Proposed Payment | Interest Paid To Date | Proposed Interest | Total Proposed Pymt | Funds Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Beginning Balance | | | | | | | | | | $57,299.11 |
| | **Claim Type  -** | | | | | | | | | | |
| | Joseph A. Baldi  COMPENSATION | Admin | | $5,156.58 | $0.00 | $5,156.58 | $5,156.58 | $0.00 | $0.00 | $5,156.58 | $52,142.53 |
| | Percent Paid: 100.00 % | | | | | | | | | | |
| | Joseph A. Baldi  EXPENSES | Admin | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $52,142.53 |
| | **Subtotal For Claim Type** | | | $5,156.58 | $0.00 | $5,156.58 | $5,156.58 | $0.00 | $0.00 | $5,156.58 | |
| | **Claim Type 3110-00 - Attorney for Trustee Fees** | | | | | | | | | | |
| | Baldi Berg, Ltd. | Admin | 001 | $2,196.00 | $0.00 | $2,196.00 | $2,196.00 | $0.00 | $0.00 | $2,196.00 | $49,946.53 |
| | Percent Paid: 100.00 % | | | | | | | | | | |
| | **Subtotal For Claim Type 3110-00** | | | $2,196.00 | $0.00 | $2,196.00 | $2,196.00 | $0.00 | $0.00 | $2,196.00 | |
| | Subtotals For Class Administrative    100.00 % | | | $7,352.58 | $0.00 | $7,352.58 | $7,352.58 | $0.00 | $0.00 | $7,352.58 | |
| | **Claim Type 7100-00 - General Unsecured 726(a)(2)** | | | | | | | | | | |
| 000005 | Portfolio Investments II LLC  (5-1) CARECREDIT/GECRB or GEMB  claim transferred 4/18/13 | Unsec | 070 | $1,732.19 | $0.00 | $1,732.19 | $1,732.19 | $0.00 | $7.61 | $1,739.80 | $48,206.73 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| | **Subtotal For Claim Type 7100-00** | | | $1,732.19 | $0.00 | $1,732.19 | $1,732.19 | $0.00 | $7.61 | $1,739.80 | |
| | **Claim Type 7100-90 - Payments to Unsecured Credit** | | | | | | | | | | |
| 000001 | PYOD, LLC its successors and assigns as assignee | Unsec | 070 | $1,903.10 | $0.00 | $1,903.10 | $1,903.10 | $0.00 | $8.36 | $1,911.46 | $46,295.27 |
| | Percent Paid: 100.44 % | | | | | | | | | | |

## Exhibit C to TFR -- Claims

Case Number: 12-29197    JPC    Page  2    Date: October 24, 2014
Debtor Name: COLLAR JR, CHRISTOPHER \ COLLAR, KIMBERLY

| Claim # | Payee Name | Class | Priority | Amount | Paid to Date | Claim Balance | Proposed Payment | Interest Paid To Date | Proposed Interest | Total Proposed Pymt | Funds Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Claim Type 7100-90 - Payments to Unsecured Credit** | | | | | | | | | | | |
| 000002 | PYOD, LLC its successors and assigns as assignee | Unsec | 070 | $2,518.57 | $0.00 | $2,518.57 | $2,518.57 | $0.00 | $11.07 | $2,529.64 | $43,765.63 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| 000003 | PYOD, LLC its successors and assigns as assignee | Unsec | 070 | $1,770.85 | $0.00 | $1,770.85 | $1,770.85 | $0.00 | $7.78 | $1,778.63 | $41,987.00 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| 000004 | PYOD, LLC its successors and assigns as assignee | Unsec | 070 | $6,563.28 | $0.00 | $6,563.28 | $6,563.28 | $0.00 | $28.84 | $6,592.12 | $35,394.88 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| 000006 | Capital One Bank (USA), N.A. | Unsec | 070 | $18,945.74 | $0.00 | $18,945.74 | $18,945.74 | $0.00 | $83.25 | $19,028.99 | $16,365.89 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| 000007 | Capital One, N.A. (7-1) CREDIT CARD DEBT | Unsec | 070 | $1,535.80 | $0.00 | $1,535.80 | $1,535.80 | $0.00 | $6.75 | $1,542.55 | $14,823.34 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| 000008 | Citibank, N.A. | Unsec | 070 | $1,583.06 | $0.00 | $1,583.06 | $1,583.06 | $0.00 | $6.96 | $1,590.02 | $13,233.32 |
| | Percent Paid: 100.44 % | | | | | | | | | | |
| | **Subtotal For Claim Type 7100-90** | | | $34,820.40 | $0.00 | $34,820.40 | $34,820.40 | $0.00 | $153.01 | $34,973.41 | |
| **Claim Type 8200-00 - Surplus Funds Paid to Debtor** | | | | | | | | | | | |
| | COLLAR JR, CHRISTOPHER BACK-TO-DEBTOR | Unsec | 999 | $13,233.32 | $0.00 | $13,233.32 | $13,233.32 | $0.00 | $0.00 | $13,233.32 | $0.00 |
| | Percent Paid: 100.00 % | | | | | | | | | | |
| | **Subtotal For Claim Type 8200-00** | | | $13,233.32 | $0.00 | $13,233.32 | $13,233.32 | $0.00 | $0.00 | $13,233.32 | |
| | Subtotals For Class Unsecured    100.32 % | | | $49,785.91 | $0.00 | $49,785.91 | $49,785.91 | $0.00 | $160.62 | $49,946.53 | |

## Exhibit C to TFR--Claims

Case Number: 12-29197    JPC                                Page   3                                        Date: October 24, 2014
Debtor Name: COLLAR JR, CHRISTOPHER \ COLLAR, KIMBERLY

| Claim # | Payee Name | Class | Priority | Amount | Paid to Date | Claim Balance | Proposed Payment | Interest Paid To Date | Proposed Interest | Total Proposed Pymt | Funds Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|
| << Totals >> | | | | $57,138.49 | $0.00 | $57,138.49 | $57,138.49 | $0.00 | $160.62 | $57,299.11 | $0.00 |

Proposed distribution is dependent on the Court's rulings on administrative expenses, contest of claims, and/or objections made to this proposed distribution.  Interest was calculated from the Case Petition Date of 07/24/12 through 12/31/14 at a rate of 0.18% (annualized simple interest).

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-29197 JPC
Case Name: COLLAR JR, CHRISTOPHER
   COLLAR, KIMBERLY
Trustee Name: Joseph A. Baldi

    Balance on hand    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000002 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000003 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000004 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |
| 000005 | Portfolio Investments II LLC | $ | $ | $ |
| 000006 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000007 | Capital One, N.A. | $ | $ | $ |
| 000008 | Citibank, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

  To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of       % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $         . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

  The amount of surplus returned to the debtor after payment of all claims and interest is $              .